IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

GARY D. STOVALL                         *

    Plaintiff,                             *

  v.                                          *      2:06-CV-1073-WKW
                                            (WO)
MONTGOMERY COUNTY                 *
DETENTION FACILITY, *et al*.,
                                 *

    Defendants.
_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated in the Montgomery County Detention Facility in Montgomery, Alabama, filed this 42 U.S.C. § 1983 action on December 1, 2006. He alleges that he has been subjected to unconstitutional conditions of confinement at the detention facility. Plaintiff names the Montgomery County Detention Facility and Officer Ibidapo as defendants. Upon review of Plaintiff's complaint, the court finds that the Montgomery County Detention Facility and Plaintiff's claim of verbal abuse should be dismissed under 28 U.S.C. § 1915(e)(2)(B) prior to service of process.[1]

### I. DISCUSSION

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*A. The Montgomery County Detention Facility*

Plaintiff names the Montgomery County Detention Facility as a defendant in this cause of action. A county detention facility is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's complaint against the Montgomery County Detention Center is due to be dismissed. *Id.*

*B. Verbal Abuse Claim*

Plaintiff complains that on November 26, 2006 Officer Ibidapo threatened to kill him. Plaintiff maintains that thereafter he was placed on lockdown for no reason and alleges that the officer continued to verbally harass him.[2]

The law is settled that verbal harassment and abuse and mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.3d 143, 146 (5th Cir. 1983); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973). Consequently, the conduct Plaintiff attributes to Defendant Ibidapo, insofar as it concerns his alleged verbal abuse and harassment of Plaintiff, will not support a claim of violation of his constitutional rights. Because this claim lacks an arguable basis in law, it is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

---

[2] The court understands Plaintiff's current status at the jail to be that of a pre-trial detainee. If, however, Plaintiff's current status at the jail is that of a convicted inmate, he shall so advise the court promptly.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the Montgomery County Detention Facility be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's verbal abuse claim be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i); and

3. This case be REFERRED back to the undersigned for further proceedings on Plaintiff's claim that he was placed on lockdown for no reason.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 21, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 8th day of December, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE